## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Mae Trappier, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:11-2494-RMG |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 34). Plaintiff seeks an award of $4,993.44 based upon 27.05 hours of attorney's time compensated at $183.75 per hour ($4,970.44) and costs of $23.00. (Dkt. Nos. 34-2). Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees and costs requested are reasonable. (Dkt. No. 34-1). Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 35).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in

-1-

law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988).

In this matter, the Court reversed the denial of disability benefits because the Administrative Law Judge ("ALJ") had failed to evaluate the opinions of Plaintiff's treating physician, Dr. Quigley, under the standards of the treating physician rule, 20 C.F.R. § 404.1527(c), and had not considered Plaintiff's multiple impairments in combination, as required by 42 U.S.C. § 423(d)(2)(B). These errors by the ALJ constituted matters of well settled law in the area of Social Security disability law, and the Court finds that the Government cannot carry its burden of showing that its position was substantially justified. Thus, the Plaintiff is entitled to an award of attorney's fees and costs under EAJA.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of itemized Plaintiff's attorney time and rates and litigation costs ( Dkt. No. 34-2, 34-4) and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court **GRANTS** Plaintiff's motion for attorney's fees and costs under EAJA (Dkt. No. 34) in the amount of $ 4,993.44. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 26, 2013